IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 13-30059 |
| | ) | |
| PAVEL LEIVA, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

The Defendant moves for release pending appeal.

The Government objects.

The motion is Denied.

I.

On May 27, 2014, following a jury trial, Defendant Pavel Leiva was convicted of one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(a)(1) and (b)(2) and one count of possessing a counterfeit access device, in violation of 18 U.S.C. § 1029(a)(3) and (c)(1)(A)(i).

On April 10, 2015, the Defendant was sentenced to serve concurrent terms of 60 months imprisonment on Count 1 and 82 months imprisonment on Count 2; followed by two years of supervised release on each count, running concurrently; a $200 special assessment; and $3797.48 in restitution. The Defendant was permitted to remain on bond and ordered to report to the Bureau of Prisons (BOP) when directed. On April 29, 2015, the Defendant filed a timely notice of appeal.

The Defendant's Motion states that on April 29, 2015, he received notice that he is to report to Correctional Institution D. Ray James in Folkston, Georgia for service of sentence on May 26, 2015. The Defendant states that this correctional institution is a private facility run by a private corporation rather than the BOP and, therefore, he will not be provided the same opportunities for education and rehabilitation as inmates housed in BOP facilities.

II.

The Bail Reform Act of 1984 provides that a defendant is to be

incarcerated after sentencing unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
> (B) that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in –
> > (i)     reversal,
> > (ii)    an order for a new trial,
> > (iii)   a sentence that does not include a term of imprisonment, or
> > (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person.

18 U.S.C. § 3143(b)(1). The Court concludes that the Defendant can meet the first part of the test pursuant to § 3143(b)(1)(A). The Defendant has complied with all conditions of bond and has no record of violence. Accordingly, the Defendant is not likely to flee and does not pose a danger to the community.

### III.

#### (A)

The Court must now consider whether the Defendant has raised a substantial question of law or fact likely to result in a reversal or an order

3

for a new trial. According to his motion, the Defendant intends to raise three substantive issues on appeal: (1) whether the officer who conducted the traffic stop, Trooper Dustin Weiss, had reasonable suspicion to request a search of the Defendant's vehicle after he informed the Defendant he was free to go; (2) whether the Defendant's consent to search the vehicle was voluntary when Weiss's inquiry in Spanish to a Spanish-only speaking person was not a literal translation of the phrase of "May I search your car?;" and (3) whether the faulty interpretation by the court reporter during the trial deprived the Defendant of his constitutional right to testify.

The United States Court of Appeals has cautioned against a literal interpretation of the applicable statute. "Read literally, § 3143(b)(2) would not allow a district judge to grant bail pending appeal unless he believed that the conviction was probably going to be reversed, in which case he should have granted a new trial himself." United States v. Shoffner, 791 F.2d 586, 588 (7th Cir. 1986).

The Court must first consider whether the issues raised by the appeal are "substantial" and whether a contrary ruling will likely require reversal

4

of the conviction or a new trial. See id. The district judge should not try to predict how the appellate court would rule. See id. at 589. "Instead the court should return its attention to its own analysis of these issues at earlier stages of the proceedings." See id. A judge must assess the difficulty of the issues previously decided. See id. Therefore, a "substantial" appeal is "one that presents a close question or one that very well could be decided the other way." Id. (internal quotation marks and citations omitted). Although the standard is difficult to define, it should be "relatively easy to apply." Id. at 589-90.

(B)

The Court is unable to conclude that the first issue involves a substantial question that is likely to result in a reversal or new trial. The record establishes that the officer observed a traffic violation. On this basis, he had probable cause to stop the vehicle and ask whether the Defendant consented to a search.

The next issue is whether the Defendant's consent to search the vehicle was voluntary when Trooper Weiss used an erroneous translation

of a phrase into Spanish to communicate with a Spanish-only speaking person when requesting consent. Based on the totality of circumstances and the overall context of the encounter with Trooper Weiss, the Court concluded the Defendant's consent to search the vehicle was voluntary. The testimony of the co-Defendants established the Defendant knew that a search of the vehicle was a distinct possibility when the traffic stop was initiated. Although Trooper Weiss's question in Spanish to the Defendant was not a literal translation of "Can I search your car?," the Court believes that based on all of the circumstances during the traffic stop, an individual in the Defendant's position would have known that he was being asked for consent to search the vehicle.

Accordingly, the Court does not believe that issues concerning the stop and search of the vehicle are "substantial," to an extent that it is a close question that could be decided either way.

(C)

The Defendant further alleges that the faulty interpretation by the court interpreter during the trial deprived the Defendant of his

constitutional right to testify. The issue that the Defendant intends to raise on appeal will be whether these problems adversely affected his constitutional right to testify and whether the violation rendered the trial fundamentally unfair. A defendant is denied due process when "the accuracy and scope of a translation at a hearing or trial is subject to grave doubt . . . [or] a credible claim of incapacity to understand due to language difficulty is made and the district court fails to review the evidence and make appropriate findings of fact."

The record establishes that counsel and the Court observed problems with one of the interpreters that was used throughout the trial. Specifically, it appeared that she did not always translate the literal testimony of the Defendant in real time. It appeared she was paraphrasing blocks of the Defendant's testimony. The Court instructed the Defendant's counsel to shorten his questions to the Defendant and instructed the interpreter to translate exactly what the Defendant was saying.

During cross examination, another side-bar was held at which time Defense counsel informed the Court that the Defendant had been

7

instructed by counsel to raise his hand if he believed the interpreter was not interpreting correctly and the Defendant had done so. Government counsel observed that Defendant was rambling in his answers and, therefore, it would be difficult for the interpreter to keep up. Following a 20-minute recess, Defense counsel advised the Court that he had spoken to the Defendant and instructed him to answer questions with a shorter response and not to answer any question that he did not understand. There were no further objections on the basis of the interpreter.

The record establishes that after the concerns of counsel were raised, the Court did what it could do to resolve any problems with the interpreter. There were no subsequent objections. The Defendant does not point to any testimony that he was precluded from presenting to the jury due to problems with the translation.

The Court is unable to find that Defendant's constitutional right to testify or his due process rights were violated because of the translation of the Defendant's testimony. The problem was quickly addressed and no further issues arose. For these reasons, the Court does not believe that the

problems with the translation of the Defendant's testimony involve a substantial question or a close question that could be decided either way.

The issues raised do not rise to the level of being "substantial question[s] of law or fact" which would justify relief under 18 U.S.C. § 3143(b)(1).

Ergo, the Motion of Defendant Pavel Leiva for Release Pending Appeal [d/e 178] is DENIED.

ENTER: May 15, 2015

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge